NO. 8758

COURT OF APPEAL

PARISH OF ORLEANS

———

MOISE LEVY

vs.

DANUEL LEVY.

———

Feby 5/23

77

Dinkelspiel; J.

Plaintiff alleges that the defendant is indebted unto him in the sum of $100.00; that he is the holder and owner for value and before maturity of four certain promisory notes, each for the sum of $25.00, signed by the defendant, who had acknowledged his indebtedness and promised payment. Wherefore he prays for judgment.

The defendant, admitting his signature pleads that he is in no way indebted to plaintiff in any sum whattsoever; that the notes sued on are the property of the estate of Alexander H. Levy, and that the plaintiff is the holder of said notes in bad faith and is without interest in and to the same; that said notes were acquired by Alexander H. Levy during his lifetime, and he, the said Alexander, died and his succession has been administered by his widow, who claims the proceeds of said notes.

The widow of Alexander Levy files a petition of intervention and third opposition, showing that the succession of her husband was being administered by her in the Civil District Court; that her husband died on the 17th of March, 1922, and he was the true and lawful owner for value of the notes in question; that the plaintiff has instituted a suit against the defendant to recover payment of said notes, but she avers that same were the property of her deceased husband and now belong to the succession; the the said deceased husband acquired said notes from plaintiff for a valueable consideration and that plaintiff is without right, title or interest in and to said notes, and that the notes are the sole property of her late husband.

To this petition of intervention, plaintiff filed his answer, admitting the death of his brother, Alexander

78

H. Levy, and denying that the deceased, now represented by the administratrix, wife, is the owner of said notes, averring that he loaned the money represented by the notes to defendant and the intervention filed by the widow is a mere subterfuge for the purpose of/~~refuting~~ defeating payment of said notes.

We have thus minutely detailed a substantial portion of the pleadings in this case. The testimony in this record is conflicting, but in the main it is proven by the testimony of plaintiff himself, in being questioned in what way he got possession of the notes in question he answered to the question:

Q. You took these notes out of Alexander H. Levy's desk did you not? A. Yes sir, Judge, I took them, he told me one morning he was sick about three weeks and he told me to go and get the notes in his desk; I had the keys always and I had my key for the door and desk and he asked me if I got the notes and I said yes and he said hold them, you need the money.

According to this witness's testimony this conversation took place in the bedroom of the deceased; no one else was present. He further testifies that the notes were his property and he gave them to his brother, Alexander, to keep for him; that he had no safe place to keep them.

On cross examination he goes on to relate: "About a month before he died he was unable to go to his office, he was sick and he said, Moise, you had better go up and get your notes as the porters are going in the office all the time and you do not know what they are doing."

He testifies in this same connection that he went about 6:45 in the morning to his brother's office in the Godchaux Building and he got these notes out of the desk of his brother; he further testifies that he did not take

79

anything except the notes and he paid no attention to any cancelled checks that were in the desk.

Mrs. Levy, widow, knew that her husband had acquired these notes because he had told her so, she failed to put them correctly on the inventory and in explaining that fact says it was an oversight; the defendant himself when on the stand swears that he was well acquainted with the handwriting of his late brother, Alexander, and the stub book of his check, dated March 22nd, 1921, showed that the deceased had paid plaintiff for these notes and he swears that the notes are the property of the succession of his brother.

The widow testifies that the stub in her husband's checkbook was made in his handwriting, and that on the 22nd, of March, 1922, it showed paid to Moise Levy for account of Daniel Levy the notes in question; all of the notes in her husband's possession, save and except the ones in question, were found in the deceased's desk.

Another witness, a Miss Casey, who was at the office of the deceased every day, went to aid in taking the inventory. Q. Did you see anyone taking anything out of the desk? A. Mr. Dan Levy was taking down all the numbers while Mr. Daniel Levy Jr., called them off; I followed them up and Mr. Sydney Levy was taking all the papers out of the drawers, like cancelled checks and pamphlets, things belonging to the company; I could not see what they were.

She further testified she saw him take out of the drawers, cancelled checks but she could not identify who signed these checks, but says that most of them had the deceased's signature; the desk belonged to the deceased, and was locked; she saw Sydney Levy assorting papers and checks but she could not identify the checks in question. This testimony is virtually corroborated by Daniel Levy Jr.

80

We have thus detailed substantially the main portions of the evidence in this case, which goes to prove that the deceased had bought these notes during his lifetime from the plaintiff in this case and he left them in his desk together with other papers and after his death, the desk was found in a very disordered condition but most of the papers, checks. etc. etc. were there, save and except the particular check paid to the plaintiff in this case for these notes.

The testimony of disinterested witnesses clearly confirms these facts.

The Judge of the lower Court saw and heard the witnesses and was in a better position to judge of their veracity than we are; he decided this case in favor of the intervenor and we concur in this judgment.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the Court aquo be and the same is hereby affirmed, costs of both Courts to be paid by plaintiff.

-Judgment affirmed.